COMMONWEALTH *vs.* NEW ENGLAND MAPLE SYRUP COMPANY.

Middlesex.   November 17, 1913. — May 19, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Food,* Adulteration.

If, at the trial of a complaint charging the sale of adulterated syrup in violation of R. L. c. 75, § 18, it appears that a certain person ordered of the defendant and the defendant sold to him "Golden Tree" syrup, which was a blend prepared by mixing maple sugar with water and adding granulated sugar and was of the same consistency as pure maple syrup and of the same color as one grade of maple syrup, that the price of the syrup sold was about half that of pure maple syrup, that upon the receptacle containing the syrup sold was a label with pictures of a maple tree and of sugar cane, and a statement declaring the syrup to be "made from granulated and maple sugars," the jury is not warranted in finding the defendant guilty, under clause 4 of the section, of selling syrup "in imitation of" or "under the name of" maple sugar syrup.

In clause 8 of R. L. c. 75, § 18, as amended by St. 1910, c. 528, § 1, declaring an article of food to be adulterated if "it contains any added antiseptic or preservative substance," excepting certain substances, among them cane sugar, and providing that the paragraph should "not be construed as permitting the use of cane sugar in maple syrup, maple sugar, honey, cocoa, or any other food product in which the presence of cane sugar as a preservative is unnecessary," the words, "in which the presence of cane sugar as a preservative is unnecessary," do not apply to any of the preceding words except "any other food product;" and therefore the mixing of cane sugar as a preservative in any of the other articles named is prohibited.

COMPLAINT, received and sworn to on January 2, 1912, in the Police Court of Lowell, charging that the defendant sold to one Frank X. Dostaller "a certain article of food, to wit: syrup, said

syrup so sold as aforesaid being then and there adulterated at the time of said sale within the meaning of" R. L. c. 75, § 18.

On appeal to the Superior Court, the case was tried before *Chase*, J., upon an agreed statement of facts which was substantially as follows:

On December 18, 1911, Frank X. Dostaller ordered from the defendant and shortly thereafter received three cases of "Golden Tree" syrup of different sizes. The label of each bottle of syrup set forth substantially the name, the legend in a trademark, "Golden Tree Best Quality," the words "Registered under Food & Drugs Act," and the statement, "Made from Granulated and Maple Sugars," with pictures of a maple tree and of sugar cane.

The Golden Tree syrup is a blend prepared by mixing maple sugar with water to produce a syrup, and then adding to it granulated sugar. The ingredients are well known articles of food, wholesome, and not injurious to health, and no artificial coloring is used. The blend itself is not deleterious nor injurious to health.

The color of pure sap syrup or pure maple sugar syrup varies from a very dark brown to an amber, the color of Golden Tree syrup. The taste varies from a sweet, pleasant one like Golden Tree syrup to a strong, displeasing one. Both syrups have the same consistency.

The retail price of the same quantity of pure sap syrup is double that of the Golden Tree syrup. The addition of the granulated cane sugar to the Golden Tree syrup tends to preserve the maple sugar syrup of the compound. The granulated cane sugar constitutes approximately two thirds of the compound.

The judge refused to order a verdict for the defendant and the jury returned a verdict of guilty.

At the request of the defendant the judge reported the case for determination by this court, the verdict to stand if the refusal to order a verdict of not guilty was correct; and the verdict to be set aside and a verdict of not guilty to be ordered if the trial judge should have ordered such a verdict.

*H. W. Beal*, for the defendant.

*N. P. Brown*, Assistant District Attorney, for the Commonwealth.

HAMMOND, J. The charge against the defendant is that it

sold to one Dostaller "a certain article of food, to wit: syrup, said syrup so sold as aforesaid being then and there adulterated at the time of said sale within the meaning of" R. L. c. 75, § 18. There is no question that a syrup was sold, and the only question is whether it was adulterated within the meaning of either the fourth or the eighth clause (as amended by St. 1910, c. 528) of that section.

1. As to the fourth clause. This clause declares food to be adulterated "If it is in imitation of or is sold under the name of another article." It is strongly argued by the Commonwealth that this Golden Tree syrup, consisting of a compound of maple sugar, granulated sugar and water, was "in imitation of" maple sugar syrup. But we think that the agreed statement of facts upon which the case was submitted to the jury fails to support beyond a reasonable doubt this contention. We see nothing in the labels upon the body of the bottle in which the syrup was placed, or upon the cork, calculated to show any attempt at such imitation; and the mere facts that the consistency of the two syrups was the same, and that the color of the compound was the same as one of the various colors of pure maple syrup are not enough.

Nor was the compound "sold under the name of another article." Dostaller did not order pure maple sugar syrup, but "Golden Tree Syrup." He received what he ordered. No deception seems to have been practised upon him. Plainly the article ordered and delivered was the blend known as "Golden Tree Syrup," and it does not appear to have been known by any other name. So far as the prosecution rests upon this clause it fails.

2. As to the eighth clause (as amended by St. 1910, c. 528). This clause as originally enacted declared an article of food to be adulterated "If it contains any added antiseptic or preservative substance, except common table salt, saltpetre, cane sugar, alcohol, vinegar, spices, or, in smoked food, the natural products of the smoking process; but the provisions of this definition shall not apply to any such article if it bears a label on which the presence and the percentage of every antiseptic or preservative substance are clearly indicated." R. L. c. 75, § 18, cl. 8. This clause was amended by St. 1910, c. 528, by inserting after the

words "smoking process" these words, to wit: "but this paragraph shall not be construed as permitting the use of cane sugar in maple syrup, maple sugar, honey, cocoa, or any other food product in which the presence of cane sugar as a preservative is unnecessary."

In the construction of this amendment the defendant contends that the words "in which the presence of cane sugar as a preservative is unnecessary" apply not only to "any other food product," but also to the articles of food immediately preceding, namely, "maple syrup," etc., and that it being conceded that cane sugar "tends to preserve" the maple sugar syrup of the "compound," the syrup sold is not an adulterated food under this section.   But we cannot adopt that construction.   We are of opinion that the words "in which the presence of cane sugar as a preservative is unnecessary" do not apply to anything except "any other food product," and that the effect of the amendment is to prohibit the mixture of cane sugar as a preservative with any of the articles immediately preceding.   Under this interpretation of the amendment the article sold was an adulterated syrup and could be sold only in the manner prescribed in the clause.

It is suggested by the defendant that the Golden Tree syrup, although a blend, was of itself a well known article and unit of food, but this is not made to appear in the agreed statement; and in this respect the case differs from *Adams* v. *New England Maple Syrup Co.* 210 Mass. 475, where it appeared that the blend was a well known article in the trade.

The defendant's request for a verdict of not guilty was rightly refused.

Under the terms of the report the conviction stands, and it is
*So ordered.*